# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RALPH DANIEL SMITH**                                    **CIVIL ACTION NO.**

**VERSUS**                                                          **20-163-SDD-EWD**

**WALMART INC**

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained Ralph Daniel Smith ("Plaintiff") as a result of a motorized shopping cart malfunction that occurred when Plaintiff was shopping at Walmart Inc.'s ("Defendant") store on February 2, 2019.[1] On February 3, 2020, Plaintiff filed his Petition for Damages ("Petition") against Defendant in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Defendant removed the case to this Court on March 17, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

While it appears from the Notice of Removal that complete diversity of citizenship exists,[4] it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that Plaintiff was injured while shopping at Defendant's store when a motorized shopping cart he was riding "malfunctioned and turned on its side, causing Plaintiff to fall to the ground."[6] Plaintiff claims he suffered physical

---

[1] R. Doc. 1-1.
[2] R. Doc. 1-1.
[3] R. Doc. 1.
[4] Per the Notice of Removal, Plaintiff is a "a resident of and domiciled in" Louisiana, and Defendant is a Delaware corporation with its principal place of business in Arkansas. R. Doc. 1, ¶¶ 11-13.
[5] *See* 28 U.S.C. § 1332(a).
[6] R. Doc. 1, ¶¶ 4-5.

pain and suffering because of the malfunction, including "cuts and bruising to the left knee just above [Plaintiff's previous] amputation, as well as significant trauma to the right knee and lower leg."[7] He also claims he incurred medical expenses because of his injuries.[8]  In its Notice of Removal, Defendant avers it has met "its burden of showing that the amount in controversy is in excess of [$75,000]" based on (1) the foregoing injuries and damages allegations, (2) additional information about Plaintiff's injuries and treatment "learned through discussions with counsel for [P]laintiff,"[9] and (3) Plaintiff's failure or inability to stipulate that his damages do not exceed $75,000.[10]

The allegations in the Petition do not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of "significant trauma to the right knee and lower leg" and demands for general categories of damages (*e.g.*, physical pain and suffering, medical expenses, etc.)[11] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12] Although Defendant provided some limited information about Plaintiff's medical treatment and expenses,[13] Defendant has not provided details about the amount of medical expenses Plaintiff has incurred, Plaintiff's prognosis

---

[7] R. Doc. 1-1, ¶¶ 5, 15.
[8] R. Doc. 1-1, ¶ 15.
[9] R. Doc. 1, ¶ 4. Specifically, Defendant alleges it "has learned through discussions with counsel for plaintiff, that following the plaintiff's accident…he required a total right knee replacement, and as a result incurred substantial medical expenses associated with surgery and post-surgery rehabilitation." *Id.*
[10] R. Doc. 1, ¶¶ 5, 8.
[11] R. Doc. 1-1, ¶¶ 6-7.
[12] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[13] *See* n. 9, *supra*.

or recommended future treatment, or whether Plaintiff is working/can work. Defendant admits it does not possess "any medical records or medical bills" related to Plaintiff's claims.[14] There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Plaintiff also attempts to show that the amount in controversy is satisfied through statements allegedly made by Plaintiff's counsel, including (1) the inability to stipulate that his damages do not exceed $75,000[15] and (2) a comment that Plaintiff "required a total right knee replacement" and "incurred substantial medical expenses associated with the surgery and post-surgery rehabilitation."[16] These allegations are also insufficient. First, a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in controversy.[17] Second, when—as here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."[18] While the Notice of Removal alleges that certain statements were made by Plaintiff's counsel, such statements are not summary-judgment-type evidence.[19] Defendant has not submitted any summary-judgment-type evidence bearing on the amount in controversy for the Court consider.

---

[14] R. Doc. 1, ¶ 4.

[15] R. Doc. 1, ¶ 5 ("Undersigned counsel for [Defendant] contacted [P]laintiff's counsel seeking a Stipulation that the amount in controversy does not exceed $75,000.00, however [P]laintiff's counsel is unable at this time to so stipulate."). The Notice of Removal also states, "Plaintiff's Petition for Damages does no offer a binding stipulation that [P]laintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00…" *Id.* at ¶ 8.

[16] R. Doc. 1, ¶ 5.

[17] *See, e.g.*, *Johnson v. Petsmart, Inc.*, No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').")

[18] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Property Casualty Co. of America*, No. 15-222, 2016 WL 7851411, * 2 (M.D. La. Oct. 21, 2016).

[19] *Trill Entertainment, LLC v. BCD Music Group, Inc.*, No. 07-559, 2018 WL 4853024, *1 (M.D. La. Nov. 7, 2008).

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[20]

Accordingly,

**IT IS ORDERED** that by no later than **April 6, 2020**, Walmart Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **April 16, 2020**, Plaintiff shall file either: (1) a Notice stating that he does not dispute that Walmart Inc. established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 26, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").